ROBERT GEDNEY, Appellant, v. JULIA A. PRALL, Respondent.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Partition. Ouster.*—The exclusive possession for more than twenty years by one co-tenant under a claim of absolute ownership, the hiring of the premises to the other co-tenant, and demand from him of the entire rent, constitute an ouster such as will bar the latter from maintaining an action for partition.

*George W. Winant,* for appellant.

*A. & A. X. Fallon,* for respondent.

DYKMAN, J.—This is an action for partition or sale of real property, and after a trial by the court without a jury, a judgment was rendered in favor of the defendants, from which the plaintiff has appealed.

In January, 1864, the premises in question became the property of John P. Smith, James P. Smith and Margaret Ann Gedney, as tenants in common, and they entered into possession of the same as such.

When Margaret Ann Gedney became the owner of the undivided third of such premises she was the wife of the plaintiff in this action, and she died in May, 1864, leaving one child living born of her marriage with the plaintiff. The wife died intestate, as we assume.

On the 1st of November, 1864, the plaintiff conveyed the interest of his child in the premises to John P. Smith and James P. Smith, who were then her co-tenants in common,

under proceedings to sell her real estate as an infant, instituted for such purpose.

Subsequently, and in July, 1868, Daniel D. Demarest, as assignee in bankruptcy of John P. Smith and James P. Smith, sold and conveyed the premises to Horatio G. Prall and Richard P. Eells. Mr. Prall died seized of one-half of the premises, and the defendants Annie T. May and Julia C. Prall, who are his children, succeeded to his interest in the premises, and the defendant Sarah Eells has succeeded to the interest of Richard P. Eells.

From the time of the conveyance by the plaintiff of the interest of his child in the premises in May, 1864, they have been held and possessed by the defendants, and those through whom they claim, under a claim of absolute ownership, and large sums of money have been expended in improvements upon the said premises. Moreover, the plaintiff has himself hired the premises of the owners, and paid rent therefor, without any claim of title thereto or interest therein. Under these circumstances the plaintiff establishes no constructive possession of the premises involved, but the proof establishes an adverse possession against the plaintiff for more than twenty years, and a tacit acknowledgment of such possession by the plaintiff when he consented to become the tenant of such owners, and pay them rent without interposing any claim on his part of an interest in the property.

The exclusive possession of the property, and the hiring of the same to the plaintiff, and the demand of payment by him of the entire rent, were unequivocal acts, evincing an intention to hold the property hostile to the plaintiff and the world, and constituted an ouster in which he acquiesced.

The judgment appealed from should, therefore, be affirmed with costs.

PRATT, J., concurs; BARNARD, P. J., not sitting.